THE STATE, JAMES DAY, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF FAIRVIEW, IN THE COUNTY OF BERGEN, AND THE CLERK OF SAID BOROUGH.

*Argued June 10, 1898—Decided November 7, 1898.*

1. Where the name and title of a corporation owning lands fronting upon a public street, to be laid out or improved, under a statute which requires the owners of a certain proportion of lineal feet to assent to such improvement by petition, to which the signature of the owners of such proportion of lineal feet must be annexed, is signed to such petition, the assent of such corporation to such petition, and the authority for such signature will be presumed, and if any third party assails the same, as prosecutor in *certiorari*, to review the proceedings, the burden will be upon him to establish the fact that such corporation did not assent, and that the fact of the signing such petition was unauthorized by such corporation.

2.  A ratification of such assent and signature, by the corporation, would estop the corporation from objection and review, on the ground of the want of original authority, and when the corporation is so estopped, no third party can have the right to urge the objection of the want of such authority in the original assent and signature.  The ratification relates back to the time of the original assent and signature to such petition and renders them as effectual as if the authority in the first instance had been expressly conferred.

On *certiorari.*

Before Justices LIPPINCOTT and GUMMERE.

For the prosecutor, *Wallis, Edwards & Bumsted.*

For the defendants, *Corbin & Corbin.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This is a *certiorari* to review an application to extend, lay out, open and grade a public roadway, to be known as Anderson avenue, from the northerly line or terminus of Bergenline avenue, at Grand View, in the borough of Fairview, to a line or point on the division line of and between the properties of the estate of Adolph Rusch, deceased, and Hermann Walker, in said borough, and the proceedings taken thereunder.

The application is made, and these proceedings are taken, by virtue of the provisions of an act entitled "A further supplement to an act entitled 'An act for the formation of borough governments,'" approved April 5th, 1878, which supplement was approved March 23d, 1888.  *Pamph. L., p.* 226.

The first section of this supplement provides that before any such improvements are undertaken, the application therefor shall be presented in writing, describing the volume and extent of the work or improvement desired, "signed by the owners of one-quarter of the lineal feet of land fronting on the street, avenue, road or highway so proposed to be opened, laid out, extended, altered, widened, straightened, vacated, graded, paved, graveled, macadamized or otherwise improved."

The sole objection of the prosecutor is that the application was not signed by the owners of lands of the requisite lineal feet fronting upon this street.

It appears from the evidence that the Church of the Sacred Heart, a religious corporation of this state, is the owner of two hundred lineal feet fronting on the street to be improved, and that this two hundred feet is necessary " to make the one-quarter of lineal feet " required, and that whilst the application purports to have been signed by the Church of the Sacred Heart, yet the signature was not properly made nor authorized by the church corporation.

The application, as contained in the return of the writ, the signature of the church, among other owners, appears thereto as follows : " The Trustees of the Church of the Sacred Heart, per W. A. Purcell, Treas., 200 feet frontage." The petition thus signed was dated and presented August 14th, 1896.

The objection of the prosecutor is that this is not a proper signature of the church to the petition, and that the signature was not authorized to be made by the church.

Whilst it appears by the return that the prosecutor, on several occasions, objected to the proceedings in this improvement, it does not appear that he ever objected on this ground. The church corporation is not objecting, but has at all times admitted the signature as having been authorized.

The signature is in the corporate name of the church, signed thereto by the treasurer. This is a proper form of signature, and its authorization must be presumed. The want of authority must be established by the prosecutor.

Therefore, the burden is upon the prosecutor to establish that it was without authority and invalid.

A person who, on *certiorari*, attacks a proceeding like this upon the ground that the signature to the application was not authorized or is not the signature that it purports to be, must, as a rule, show that fact. *Hudson* v. *Bayonne*, 25 *Vroom* 297.

No evidence was taken by the defendant to establish that

the signature to the application was not authorized. It is not perceived how the presumption of authority is overcome.

Mr. Purcell, the pastor of the church and treasurer of the church corporation, produces the minutes of the trustees of the church, kept by himself in the absence of the secretary, by which it appears that at a meeting of the trustees held in August, prior to the time of the signing of the application, an entry was made with the approval of the Right Reverend W. M. Wigger, D.D., president of the board of trustees, authorizing the Reverend W. A. Purcell to sign the application in the name of the trustees.

In this action the affirmative authority for the signature expressly appears, and it is difficult to perceive upon what principle it can be said that the prosecutor can maintain that the corporation is not bound. There would seem to be an express agency for the pastor or rector to do just what was done by him in signing the application in the corporate name of the church. Even if it were not so, so far as the prosecutor herein is concerned, the knowledge on the part of the members that the pastor was taking this action, or like action, on which the public relied, constituted an implied authority. It certainly would estop the church corporation from objection to such action of the public thereon, and it would be, in reason, conclusive against the prosecutor. *Thomp. Corp. Off.*, § 488, and cases cited.

At a regular meeting of the trustees held on February 11th, 1898, the action of the pastor in signing the application with the consent of the trustees, was expressly ratified by resolution and his act confirmed as an act of the corporation.

Even if the former action was defective, this would constitute a ratification of the act and render it as effectual as if the authority in the first instance had been expressly conferred. *Thomp. Corp. Off.* § 5286; *Sheridan* v. *Longstaff*, 16 *Vroom* 42, 45.

This ratification standing alone would estop the church from a review of these proceedings for the reason urged by the prosecutor, and certainly the interest of the prosecutor,

so far as his objection goes, is only to see that it is clear that the signature is one which gives the assent of the corporation to the application for the improvement.

No other reasons being presented or urged against these proceedings, the writ must be dismissed, with costs.

<div align="right">

62. 625
70 112